CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 27 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEONARD EISEN, | ) |
| Plaintiff, | ) Civil Action No. 7:06cv00235 |
| v. | ) |
| | ) By: Hon. Michael F. Urbanski |
| PULASKI FURNITURE CORP., | ) United States Magistrate Judge |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's second motion for leave to file an amended complaint, filed June 1, 2006. Prior to the removal of this case to federal court and the subsequent transfer to this district, plaintiff Leonard Eisen ("Eisen") filed his first motion for leave to file an amended complaint on November 14, 2005; it still remains pending at this time.

At a hearing held on July 25, 2006, plaintiff argued for leave to file an amended complaint, in order to clarify his allegations and add three additional counts: quantum meruit, breach of contract in the alternative, and invasion of privacy pursuant to Va. Code Ann. § 8.01-40. Defendant Pulaski Furniture Corporation ("Pulaski") opposed an amendment to the complaint, contending that Eisen's position is ever-shifting and the proposed amendments would prejudice Pulaski in terms of both defense strategy and cost of discovery.

Rule 15 of the Federal Rules of Civil Procedure declares that leave to amend be freely given when justice so requires. In Foman v. Davis, 371 U.S. 178, 182 (1962), the United States Supreme Court instructed courts to heed this mandate, holding that amendments should be freely allowed in the absence of considerations such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment. Foman, 371

U.S. at 182; see also Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (stating that in exercising its discretion, the court should focus on prejudice, futility and bad faith as the only legitimate concerns in denying leave to amend, as only these concerns truly relate to the protection of the judicial system or other litigants).

Pursuant to the prevailing case law, leave to amend must be granted in this case. To hold otherwise would be an abuse of discretion. Defendant has offered the court no sufficient reason for withholding leave to amend. No evidence of bad faith has been presented, and the fact that Eisen's first motion for leave to amend is still pending in this court proves plaintiff has not been given repeated opportunities to cure deficiencies. Considering the procedural history of this case, the court does not find plaintiff's motion was unduly delayed. The proposed amendment would likewise not be futile, as plaintiff seeks to add new counts to the complaint and clarify existing allegations. Finally, defendant has failed to make an adequate showing of prejudice. The undersigned finds that the fundamental nature of this dispute has remained clear throughout its course, allowing Pulaski ample opportunity to prepare a defense strategy. To the extent that defendant claims prejudice based on increased cost of discovery, the court can remedy such concerns by allocating to plaintiff the additional discovery costs incurred by Pulaski as a result of the amendments to the complaint.

For these reasons, and the reasons stated on the record in open court, it is hereby **ORDERED** as follows:

(1) Plaintiff's second motion for leave to file an amended complaint dated June 1, 2006 is **GRANTED**. No further amendments will be allowed.

2

(2) Plaintiff's first motion for leave to file an amended complaint dated November 14, 2005, originally filed in the United States District Court for the District of Connecticut and now pending in this court, is **DENIED** as moot.

(3) To alleviate defendant's concern over the cost of additional discovery resulting from this ruling, the court directs plaintiff to pay any expenses incurred by Pulaski in reopening the depositions of witnesses already completed and propounding additional written discovery based on the three new counts added in the amended complaint, as well as any changes made to factual allegations, to the extent that the amended complaint contains such changes.

**ENTER:** This 27 day of July, 2006.

Michael F. Urbanski
UNITED STATES MAGISTRATE JUDGE

3